# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HERBERT L. POLINARD, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| HOMECOMINGS FINANCIAL | § | SA-06-CA-1130 FB (NN) |
| NETWORK, INC., and | § | |
| JP MORGAN CHASE BANK, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION
## REGARDING MOTION TO REMAND

TO:    **Hon. Fred Biery**
       **United States District Judge**

This memorandum and recommendation addresses the motion to remand filed by plaintiff Herbert L. Polinard.[1]  I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a Magistrate Judge is statutorily constrained.[2]  After considering the motion, I recommend denying the motion to remand.

### Nature of the Case and Procedural Background

On October 3, 2006, Polinard filed his original petition, petition for temporary restraining order and petition for temporary and permanent injunction in the 73rd Judicial District Court, Bexar County, Texas, in Cause No. 2006-CI-15370.  Polinard's claims relate to his principal

---

[1]Docket entry # 4.

[2]Docket entry # 6.

residence in Bexar County, Texas.  Polinard alleges that he is the agent or attorney-in-fact and father of the owner of the property at issue in this lawsuit.  Polinard is also the original note maker on the loan on the property.  Defendant Homecomings Financial Network, Inc. is the servicer on the loan and defendant J.P. Morgan Chase Bank is the beneficial trustee and successor mortgagee.  Polinard contends that the defendants wrongfully instituted foreclosure proceedings on the property and have wrongfully and adversely affected his credit history and rating.  Polinard asserts breach of contract, negligence and unjust enrichment claims and seeks unspecified damages and attorney's fees.  Polinard obtained a temporary restraining order in state court, preventing the defendants from proceeding with foreclosure.  Polinard also seeks an order requiring the defendants to alter/amend his credit reporting information relating to the mortgage.

The defendants filed their original answers on October 10, 2006 and October 27, 2006, generally denying all of Polinard's allegations.  The defendants removed the case to federal court on December 26, 2006, on the basis of diversity jurisdiction.  Polinard moved to remand this case on January 8, 2007.  Polinard advanced four arguments for why this case should be remanded to state court: (1) no subject jurisdiction exists because the defendants have not shown that the amount in controversy meets the jurisdictional requirement for diversity jurisdiction, (2) the defendants failed to provide him with notice of the case number that was assigned by the district clerk, (3) the removal was untimely, and (4) the defendants should be estopped from seeking removal because they participated in the state court proceedings.

**Whether Subject Matter Exists in this Case**

Polinard first argued that the defendants have failed to demonstrate that the amount in controversy in this dispute exceeds the statutory threshold of $75,000.00.  He explained that

because his complaint does not specify the amount of damages that he seeks or the value of the property in dispute, the defendants must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  Polinard does not dispute that the parties' citizenship is diverse.

Under 28 U.S.C. § 1332, a federal court has jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000.00.  "In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount."[3]  The test for determining whether the amount in controversy exceeds the jurisdictional amount is whether it is more likely than not that the amount of the claim will exceed $75,000.00.[4]  "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount.  If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."[5]  When the right to property is questioned, "the value of the property controls the amount in controversy."[6]

Jurisdiction is not apparent from the face of Polinard's complaint because it does not specify the amount Polinard seeks in damages.  The complaint states only that Polinard has been damaged in a sum within the jurisdictional limits of the state court and that Polinard seeks

---

[3]*St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[4]*See Greenberg*, 134 F.3d at 1253 n.13.

[5]*Id*. at 1253.

[6]*Waller v. Prof'l Ins*., 296 F.2d 545, 548 (5th Cir. 1961).

attorney's fees and expenses for bringing this lawsuit.  Because the complaint does not allege a specific amount of damages, the defendants must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount required for diversity jurisdiction.

To meet this burden, the defendants presented several documents.  First, the defendants presented the a copy of Polinard's mortgage in which Polinard agreed to pay $57,800.00 for the property.[7]  Second, the defendants presented the deed of trust for the property.  The deed of trust reflects that Polinard owed the mortgagor $57,800.00.[8]  Third, the defendants presented a property appraisal, dated January 21, 2004, valuing the property at $68,000.00.[9]  Although the appraised value is less than $75,000.00, Polinard asserted in his complaint that he "made substantial investments and improvements to the subject property. . . increasing the value of the subject realty."[10]  Polinard did not specify the value of those improvements, but the modifier "substantial" indicates that Polinard's improvements have increased the value of the property beyond its appraised value of $68,000.00.  Although Polinard asserted that the amount in controversy is under $75,000.00 because he has only $10,200.00 equity in the property, the value of the property controls.  Considering that the appraised value of $68,000.00, the value of substantial improvements, an unspecified amount of damages, attorney's fees and expenses, the preponderance of the evidence shows that it is more likely than not that the amount of Polinard's claims will exceed $75,000.00.  Because the preponderance of the evidence shows that the

---

[7]*See* docket entry # 5, exh. 1 to exh. B.

[8]*See* docket entry # 5, exh. 2 to exh. B.

[9]*See* docket entry # 5, exh. 3 to exh. B.

[10]See docket entry # 1, exh. A-3 (Polinard's original petition), at p. 4.

amount in controversy exceeds $75,000.00, diversity jurisdiction exists and the district court has subject matter jurisdiction over this case.

## Whether the Removal Was Defective

Second, Polinard argued that this case should be remanded because the defendants failed to provide him with notice of the case number assigned by the district clerk.  Under 28 U.S.C. § 1446(d), the removing party must promptly provide the plaintiff with written notice after the filing of a notice of removal.  The provision does not require a removing party to provide the plaintiff with the specific case number assigned by the district clerk.  Here, the defendants provided a copy of their notice to Polinard that his case had been removed.  The notice is dated December 1, 2006, and indicated that the defendants included a copy of papers filed with the district clerk.  The defendants filed the notice of removal on December 6, 2006.  Prior to that time, the defendants would not have had the cause number that was assigned by the district clerk. There is no requirement for the defendants to advise the plaintiff about the federal-court cause number.  The defendants' notice was not defective this regard.

## Whether Removal Was Timely

Third, Polinard contended that this case should be remanded because the removal was untimely.[11]  Polinard maintains that this case was removable when he filed it in state court on October 3, 2006, even though he named two Texas residents in his original petition.  He argues that those two defendants were "peripheral defendants' incapable of destroying diversity of citizenship.  Thus, he maintains that the time for removing this case expired on November 2, 2006.

---

[11]*See* docket entry # 4, pp. 4-5.

Removal under 28 U.S.C. ¶ 1332 requires complete diversity between the parties. A district court "cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants."[12]

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.[13]

Here, Polinard's case was not removable by the initial petition because Polinard named non-diverse defendants Christopher K. Baxter and Kirk A. Schwartz. The case became removable on November 30, 2006, when the defendants were served with notice that the petition was non-suited as to Baxter and Schwartz.[14] The defendants filed their notice of removal within 30 days of service of the notice of non-suit. In addition, the notice of removal was filed within one year of the commencement of the action. Accordingly, the notice of removal was timely. Polinard is not entitled to a remand on this basis.

**Whether the Defendants Should Be Estopped from Seeking Removal**

Fourth, Polinard argued that the defendants should be estopped from seeking removal because they participated in the state court proceedings.[15] Polinard cited no authority that would support his argument.

_____

[12]*Cofield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

[13]28 U.S.C. § 1446(b).

[14]*See* docket entry # 1, exh. A-14.

[15]*See* docket entry # 4, p. 5.

Federal statutes govern the issue of whether a case is removable and the proper procedure to be followed. The statutes do not require that a defendant abstain from participating in the state court proceedings before removal or before a case becomes removable. If a defendant were to do so, it would risk default or other sanctions by the state court. There is no basis for application of the estoppel doctrine to bar removal by defendants.

### Recommendation

The defendants have shown by a preponderance of the evidence that the amount in controversy in this case more than likely exceeds $75,000.00. Polinard has not presented any argument that requires remand of this case. I recommend DENYING Polinard's motion to remand (docket entry # 4).

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[16] **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.** A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to

---

[16] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[17]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[18]

**SIGNED** on June 14, 2007.


NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[17]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[18]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).