## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HERBERT L. POLINARD, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| HOMECOMINGS FINANCIAL | § | SA-06-CA-1130 FB (NN) |
| NETWORK, INC., and | § | |
| JP MORGAN CHASE BANK, | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION
## REGARDING MOTION FOR SUMMARY JUDGMENT

TO:    **Hon. Fred Biery**
       **United States District Judge**

This memorandum and recommendation addresses the motion for summary judgment filed by the defendants.[1]  I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained.[2]  After considering the motion and the summary-judgment evidence, I recommend granting the motion.

### Jurisdiction

The district court has original jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because the plaintiff and defendants are citizens of different states and the amount in controversy

---

[1]Docket entry # 34.

[2]Docket entry # 6.

exceeds $75,000.00.[3]

<b>Nature of the Case</b>

Plaintiff Herbert L. Polinard alleges that Homecomings Financial Network, Inc. and J.P. Morgan Chase Bank wrongfully instituted foreclosure proceedings on a residential property located at 5107 Village Way in Bexar County, Texas.  Polinard is the original note maker on the loan for the property.  Polinard seeks to permanently enjoin the defendants from foreclosing on the property.[4]  Homecomings Financial Network is the servicer on the loan.  J.P. Morgan Chase Bank is the beneficial trustee and successor mortgagee.  Polinard has sued the defendants for breach of contract and negligence.[5]  The defendants have moved for summary judgment on Polinard's claims.  Polinard did not respond to the motion.  The time for responding to the motion under the local rules for this district expired on October 23, 2007.

<b>Summary Judgment Standard</b>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[6]

---

[3]*See* docket entry #s 13 (recommending denial of motion to remand) & 31 (denying motion to remand).

[4]Docket entry # 1, exh. A-3, p. 3.

[5]See docket entry # 1, exh. A.

[6]FED. R. CIV. P. 56.

2

**Polinard's Breach of Contract Claim**

As the basis of his breach-of-contract claim, Polinard alleges that the defendants failed to give him or his son—Heath Polinard—notice of the acceleration of the loan or notice that the property was posted for foreclosure sale.[7]  Polinard alleges that he is the agent or attorney-in-fact and father of the title-holder of the property at issue in this lawsuit.[8]  Polinard contends that the defendants' alleged actions constituted a breach of the deed of trust.[9]  The defendants ask for summary judgment on this claim on two grounds: (1) the defendants provided proper notice of acceleration and of foreclosure sale, and (2) Polinard lacks standing to assert claims based on lack of notice to his son.

Standing.  "It is a fundamental rule of [Texas] law that only the person whose primary legal right has been breached may seek redress for an injury."[10]  Polinard's breach-of-contract claim is based in part on a lack of notice to his son.[11]  Polinard's son is not a party to this action. If Polinard's son was entitled to notice, Polinard is not entitled to seek redress for the alleged failure to give such notice—only Polinard's son can seek redress for an injury he may have sustained because of an alleged lack of notice.  Polinard lacks standing to pursue any claim based on lack of notice based on his son.

Notice of acceleration.  Under Texas law, a lender must send notice that a debt has been

---

[7]Docket entry # 1, exh. A-3, p. 5.

[8]*Id*. at p. 4.

[9]*Id*. at pp. 5 & 7.

[10]*Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976).

[11]*See* docket entry # 1, exh. A-3, p. 5.

accelerated.[12]  Unlike a notice of sale, the Texas Property Code does not specify the form and method of delivery of a notice of acceleration.[13]  In the absence of statutory directive, the notice provisions of the deed of trust control.[14]  The deed of trust for the loan in this case provides that all notices will be in writing.[15]  The deed further provides that "[a]ny notice to Borrower [Polinard] in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means."[16]

The defendants presented summary-judgment evidence showing that they complied with the deed of trust's notice requirement.  The defendants presented a copy of its notice of acceleration letter.[17]  The letter is addressed to the plaintiff—Herbert Lawrence Polinard, Jr.  The letter instructs Polinard as follows: "Because of your defaults in complying with the terms and provisions of the Note and Deed of Trust, notice is hereby given that the present legal holder of the Note HAS ACCELERATED THE MATURITY DATE OF THE NOTE."  The letter bears a

---

[12]*See Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982) ("[T]he holder of a delinquent installment note must present the note and demand payment of the past due installments prior to exercising his right to accelerate.").

[13]*See Stanley v. CitiFinancial Mortg. Co.*, 121 S.W.3d 811, 818 (Tex. App.—Beaumont 2003, pet. denied) ("[U]nlike the notice of sale in Section 51.002 [of the Texas Property Code], the form of these notices is not spelled out either in a statute or in case law.").

[14]*See Stanley*, 121 S.W.3d 811, 818 ("The provisions as to notice set forth in a deed are controlling in the absence of an overriding statutory provision, and must be strictly complied with.").

[15]Docket entry # 34, exh. 1-B, ¶ 15.

[16]*Id*.

[17]Docket entry # 34, exh. 2-A.

"certified article number" and refers to the mortgaged property.  The defendants also presented a
receipt with the same "certified article number," showing that the letter was mailed on September
12, 2006.[18]  Although the receipt also shows that the letter was returned unclaimed, the receipt
demonstrates that the defendants complied with the deed of trust because the receipt shows that
the notice of acceleration was mailed by first class mail.  Polinard presented no evidence raising
a fact question about whether the defendants provided notice of acceleration.  The defendants are
entitled to summary judgment on this aspect of Polinard's claim.

Notice of foreclosure sale.  Under the Texas Property Code, a lender must send notice of
a sale by certified mail at least 21 days before the date of the sale.[19]  "Service of a notice . . . by
certified mail is complete when the notice is deposited in the United States mail, postage prepaid
and addressed to the debtor at the debtor's last known address."[20]  The defendants presented
summary judgment evidence showing that they complied with this notice requirement.  The
defendants presented a notice of trustee's sale.[21]  The notice refers to the deed of trust executed
by Herbert Lawrence Polinard Jr. and identifies the property at 5107 Village Way as the real
estate to be sold.  A receipt reflects that the notice was placed in first-class mail on September
12, 2006.  The notice identifies the scheduled date of the foreclosure sale as October 3, 2006—21
days after the date the notice was placed in first-class mail.  This evidence demonstrates that the
defendants complied with the Texas Property Code's notice requirement because it shows the

---

[18]Docket entry # 34, exh. 2-A.

[19]See TEX. PROP. CODE ANN. § 51.002(b) (Vernon 2007).

[20]TEX. PROP. CODE ANN. § 51.002(e) (Vernon 2007).

[21]Docket entry # 34, exh. 2-A.

5

defendants sent Polinard the notice of a sale by certified mail at least 21 days before the date of the sale.  Polinard presented no summary-judgment evidence raising a fact question about whether the defendants provided notice of foreclosure sale.  The defendants are entitled to summary judgment on Polinard's breach-of-contract claim.

### Polinard's Negligence Claim

Polinard alleges that the defendants' various acts and omissions constituted negligence.[22] The defendants ask for summary judgment on this claim on grounds that Polinard cannot establish a duty beyond those detailed in the loan contract.  The defendants argue that no genuine fact issue exists about whether they owed Polinard a duty independent of the contract.

In Texas, a "negligence cause of action has three elements: 1) a legal duty; 2) breach of that duty; and 3) damages proximately resulting from the breach."[23]  "Where the only duty between parties arises from a contract, a breach of this duty will ordinarily sound only in contract, not in tort.  As a prerequisite to asserting a claim of negligence, there must be a violation of a duty imposed by law independent of any contract."[24]

Polinard's complaint does not allege the existence of a duty independent of a contract. The only allegation about negligence refers to the contract.  Specifically, Polinard alleges in paragraph XV of his complaint that, " Relying on the Defendant's representations, Plaintiff has attempted to make the payments due on the subject note, but has been precluded from doing so by the negligence or intentional acts of the Defendant."  This allegation relates to the loan

---

[22]Docket entry # 1, exh. A-3, p. 7.

[23]*Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998).

[24]*Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 777 (Tex. App.—Corpus Christi 2003, no pet.).

contract because it refers to payments on the note.  This allegation fails to raise a negligence claim as a matter of Texas law.  Because the claim fails as a matter of law, this claim should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Recommendation

The defendants have presented summary-judgment evidence negating the breach element of Polinard's breach-of-contract claim.  The defendants have proved that they provided Polinard with notice of the acceleration of the loan and notice of the foreclosure of the property.  The notices complied with the deed-of-trust notice requirement and the Texas Property Code's notice requirement.  Polinard has not raised a fact question about either of the notices.  As a result, the defendants are entitled to summary judgment on Polinard's breach-of-contract claim based on a lack of notice.  In addition, Polinard lacks standing to pursue a breach-of-contract claim based on a lack of notice to his son.  To the extent that Polinard relies on a lack of notice to his son, that claim should be dismissed for lack of standing.  Polinard's negligence claim should be dismissed because he has not alleged the existence of a legal duty independent of the loan contract.  In the absence of such a duty, Polinard has failed to state a claim for which relief may be granted.  To the extent that Polinard relies on his vague allegations about wrongdoing on the part of the defendants, the record contains no evidence of wrongdoing.  I recommend GRANTING the defendants' motion for summary judgment (docket entry # 34), ENTERING summary judgment in favor of the defendants on the breach-of-contract claim, DISMISSING for lack of standing any claim based on a lack of notice to Polinard's son, and DISMISSING Polinard's negligence claim for failure to state a claim.  Accepting these recommendations will effectively end this litigation, so I am returning this case to the district court even though the date for filing dispositive motions

does not expire until November 13, 2007.  In the event that Polinard files a dispositive motion requiring reconsideration of these my recommendations, I will prepare a supplemental recommendation.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified.[25]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the magistrate judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[26]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-

---

[25]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[26]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

to proposed factual findings and legal conclusions accepted by the district court.[27]

      **SIGNED** on November 7, 2007.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[27]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).