UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **HERBERT L. POLINARD,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **HOMECOMINGS FINANCIAL** | § | **SA-06-CA-1130 FB (NN)** |
| **NETWORK, INC., and** | § | |
| **JP MORGAN CHASE BANK,** | § | |
| | § | |
| **Defendants.** | § | |

**SECOND MEMORANDUM AND RECOMMENDATION
REGARDING MOTION FOR SUMMARY JUDGMENT**

**TO:   Hon. Fred Biery
        United States District Judge**

This memorandum and recommendation addresses the motion for summary judgment

filed by the defendants.[1]  I have jurisdiction to enter this memorandum and recommendation

under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for

disposition by order or to aid the district court by recommendation where my authority as a

magistrate judge is statutorily constrained.[2]  After considering the motion and the summary-

judgment evidence, I recommend granting the motion.

**Jurisdiction**

The district court has original jurisdiction over this case under 28 U.S.C. § 1332(a)(1)

because the plaintiff and defendants are citizens of different states and the amount in controversy

---

[1]Docket entry # 34.

[2]Docket entry # 6.

exceeds $75,000.00.[3]

## Nature of the Case

Plaintiff Herbert L. Polinard alleges that Homecomings Financial Network, Inc. and J.P. Morgan Chase Bank wrongfully instituted foreclosure proceedings on a residential property located at 5107 Village Way in San Antonio, Texas.  Polinard is the original note maker on the loan for the property.  Polinard seeks to permanently enjoin the defendants from foreclosing on the property.[4]  Homecomings Financial Network is the servicer on the loan.  J.P. Morgan Chase Bank is the beneficial trustee and successor mortgagee.  Polinard has sued the defendants for breach of contract and negligence.[5]

On October 12, 2007, the defendants moved for summary judgment on Polinard's claims. After Polinard failed to respond to the motion, I prepared a memorandum, recommending summary judgment in favor of the defendants.[6]  Polinard objected to my recommendation on grounds that he had advised a clerk that he intended to respond at a later date.[7]  The district court set aside my memorandum and recommendation and extended the time for responding to the

---

[3]*See* docket entry #s 13 (recommending denial of motion to remand) & 31 (denying motion to remand).

[4]Docket entry # 1, exh. A-3, p. 3.

[5]*See* docket entry # 1, exh. A.  Polinard alludes to other causes of action—defamation, breach of duty to act in good faith—in his response to the motion for summary judgment, but Polinard's complaint cannot be reasonably read as bringing any other causes of action.

[6]Docket entry # 35.

[7]Docket entry # 38.

motion until December 20, 2007.[8]  On February 12, 2008—after seeking and obtaining two additional extensions of time[9]—Polinard responded to the motion.[10]

In his response, Polinard presented summary-judgment evidence that he maintains raises fact issues precluding summary judgment.  The last page of the response,[11] as well as the defendants' reply,[12] indicate that Polinard intended to file additional summary-judgment evidence but nothing more was filed.  The parties made numerous objections to one another's summary-judgment evidence, but I d0 not need to address the objections to make my recommendations.  I overrule the objections as moot.

 Polinard requested a continuance to conduct additional discovery,[13] even though the deadline for discovery expired on October 15, 2007.  Polinard provided no reason why the discovery period should be reopened.  The parties have been provided with sufficient time for discovery in this case—fifty weeks for relatively simple claims.  Because no reason exists to reopen discovery, I am entering a second memorandum and a recommendation which considers "the pleadings, the discovery and disclosure materials on file, and any affidavits"[14] on file in accordance with the rule for summary judgment.  Polinard's response includes arguments about

---

[8]Docket entry # 39.

[9]Docket entry #s 40, 41, 42 & 43.

[10]Docket entry # 44.

[11]Docket entry # 44.

[12]Docket entry # 45, p. 9.

[13]Docket entry # 44, p. 7.

[14]Fed. R. Civ. P. 56 (c).

matters unrelated to the causes of action in complaint,[15] but this memorandum does not addresses those arguments.

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[16]

### Polinard's Breach of Contract Claim

As the basis of his breach-of-contract claim, Polinard alleges that the defendants failed to give him or his son—Heath Polinard—notice of the acceleration of the loan or notice that the property was posted for foreclosure sale.[17]   Polinard alleges that he is the agent or attorney-in-fact and father of the title-holder of the property at issue in this lawsuit.[18]   Polinard contends that the defendants' alleged actions constituted a breach of the deed of trust.[19]   The defendants ask for summary judgment on this claim on two grounds: (1) the defendants provided proper notice of acceleration and of foreclosure sale, and (2) Polinard lacks standing to assert claims based on lack of notice to his son.

Standing.   Polinard did not respond to the defendants' argument about standing based on

---

[15]For example, Polinard complains that the defendants breached their duty to deal in good faith by refusing his payments, *see* docket entry # 44, ¶ 23, but that complaint does not form the basis of his causes of action, *see* docket entry # 1, exh. A, ¶ XV.

[16]FED. R. CIV. P. 56(c).

[17]Docket entry # 1, exh. A-3, p. 5.

[18]*Id*. at p. 4.

[19]*Id*. at pp. 5 & 7.

lack of notice to Polinard's son.  "It is a fundamental rule of [Texas] law that only the person whose primary legal right has been breached may seek redress for an injury."[20]  Polinard's breach-of-contract claim is based in part on a lack of notice to his son.[21]  Polinard's son is not a party to this action.  If Polinard's son was entitled to notice, Polinard is not entitled to seek redress for the alleged failure to give such notice—only Polinard's son can seek redress for an injury he may have sustained because of an alleged lack of notice.  Polinard lacks standing to pursue any claim based on lack of notice based on his son.

        <u>Notice of acceleration</u>.  Under Texas law, a lender must send notice that a debt has been accelerated.[22]  Unlike a notice of sale, the Texas Property Code does not specify the form and method of delivery of a notice of acceleration.[23]  In the absence of statutory directive, the notice provisions of the deed of trust control.[24]  The deed of trust for the loan in this case provides that all notices will be in writing.[25]  The deed further provides that "[a]ny notice to Borrower [Polinard] in connection with this Security Instrument shall be deemed to have been given to

---

[20]*Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex. 1976).

[21]*See* docket entry # 1, exh. A-3, p. 5.

[22]*See Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982) ("[T]he holder of a delinquent installment note must present the note and demand payment of the past due installments prior to exercising his right to accelerate.").

[23]*See Stanley v. CitiFinancial Mortg. Co.*, 121 S.W.3d 811, 818 (Tex. App.—Beaumont 2003, pet. denied) ("[U]nlike the notice of sale in Section 51.002 [of the Texas Property Code], the form of these notices is not spelled out either in a statute or in case law.").

[24]*See Stanley*, 121 S.W.3d 811, 818 ("The provisions as to notice set forth in a deed are controlling in the absence of an overriding statutory provision, and must be strictly complied with.").

[25]Docket entry # 34, exh. 1-B, ¶ 15.

Borrower *when mailed by first class mail* or when actually delivered to Borrower's notice address if sent by other means."[26]

The defendants presented summary-judgment evidence showing that they complied with the deed of trust's notice requirement.  The defendants presented a copy of its notice of acceleration letter.[27]  The letter is addressed to the plaintiff—Herbert Lawrence Polinard, Jr.  The letter instructs Polinard as follows: "Because of your defaults in complying with the terms and provisions of the Note and Deed of Trust, notice is hereby given that the present legal holder of the Note HAS ACCELERATED THE MATURITY DATE OF THE NOTE."  The letter bears a "certified article number" and refers to the mortgaged property.  The defendants also presented a receipt with the same "certified article number," showing that the letter was mailed on September 12, 2006.[28]  Although the receipt also shows that the letter was returned unclaimed, the receipt demonstrates that the defendants complied with the deed of trust because the receipt shows that the notice of acceleration was mailed by first class mail.

Polinard presented no summary-judgment evidence raising a fact question about whether the defendants provided notice of acceleration.  Polinard's only response is that he did not receive the defendants' letter and that the letter was not addressed to the proper address.[29]  The

---

[26]*Id.* (emphasis added).

[27]Docket entry # 34, exh. 2-A.

[28]Docket entry # 34, exh. 2-A.

[29]Docket entry # 44,  ¶¶ 6 &  8.

first response isn't relevant under Texas law[30]—what is relevant is whether the defendants sent notice. The second response doesn't raise a fact question. Polinard asserted in his affidavit that he never told the defendants that they should correspond with him or send him notices to the address on the deed of trust.[31] He attested that he told the defendants that his mailing address is 220 W. Skyview, San Antonio, Texas 78228.[32] These assertions contradict the express terms of the deed of trust. The deed of trust provides that "[t]he notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender."[33] By signing the deed of trust, Polinard agreed that notice of acceleration would be mailed to 5107 Village Way—not 220 W. Skyview. Notably, Polinard did not attest that he designated a substitute notice address by notice. He did not present summary-judgment evidence showing that he complied with the deed of trust notice provisions—that is, showing that he provided the defendants with a substitute notice address in writing. Even if he provided a substitute notice address, the defendants presented summary-judgment evidence showing that they also sent the notice to Polinard at 220 W. Skyview.[34] The assertions in Polinard's affidavit do not raise a fact question about whether the defendants complied with the notice provision of the deed of trust.

---

[30]*See Martinez v. Beasley*, 616 S.W.2d 689, 690 (Tex. Civ. App.—Corpus Christi 1981, no writ) ("[O]ne certified letter addressed and mailed to [debtors] at their address where they actually resided as husband and wife was sufficient statutory notice of the appellee's intent to foreclose.").

[31]Docket entry # 44, exh. A, ¶ 6.

[32]*Id*.

[33]Docket entry # 34, exh. 1-B, ¶ 15.

[34]Docket entry # 45, exh. 1.A (same notice sent to 5107 Village Way, except addressed to Polinard at 220 W. Skyview).

Notice of foreclosure sale.  Under the Texas Property Code, a lender must send notice of a sale by certified mail at least 21 days before the date of the sale.[35]  "Service of a notice . . . by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address."[36]  The defendants presented summary judgment evidence showing that they complied with this notice requirement.  The defendants presented a notice of trustee's sale.[37]  The notice refers to the deed of trust executed by Herbert Lawrence Polinard Jr. and identifies the property at 5107 Village Way as the real estate to be sold.  A receipt reflects that the notice was placed in first-class mail on September 12, 2006.  The notice identifies the scheduled date of the foreclosure sale as October 3, 2006—21 days after the date the notice was placed in first-class mail.  This evidence demonstrates that the defendants complied with the Texas Property Code's notice requirement because it shows the defendants sent Polinard the notice of a sale by certified mail at least 21 days before the date of the sale.

Polinard presented no summary-judgment evidence raising a fact question about whether the defendants provided notice of the sale.  Polinard's only response is that he did not receive the defendants' letter and that the letter was not addressed to the proper address.[38]  The first response is irrelevant because receipt is not required and the second response does not create a fact question because the defendants sent a copy of the notice of sale to Polinard at 220 W.

---

[35]See TEX. PROP. CODE ANN. § 51.002(b) (Vernon 2007).

[36]TEX. PROP. CODE ANN. § 51.002(e) (Vernon 2007).

[37]Docket entry # 34, exh. 2-A.

[38]Docket entry # 44,  ¶¶ 8 & 10.

8

Skyview.[39]  Polinard presented no summary-judgment evidence raising a fact question about whether the defendants provided notice of the sale.  The defendants are entitled to summary judgment on Polinard's breach-of-contract claim.

### Polinard's Negligence Claim

Polinard alleges that the defendants' various acts and omissions constituted negligence.[40] The defendants ask for summary judgment on this claim on grounds that Polinard cannot establish a duty beyond those detailed in the loan contract.  The defendants argue that no genuine fact issue exists about whether they owed Polinard a duty independent of the contract.

In Texas, a "negligence cause of action has three elements: 1) a legal duty; 2) breach of that duty; and 3) damages proximately resulting from the breach."[41]  "Where the only duty between parties arises from a contract, a breach of this duty will ordinarily sound only in contract, not in tort.  As a prerequisite to asserting a claim of negligence, there must be a violation of a duty imposed by law independent of any contract."[42]

Polinard did not address this argument in his response.  Instead, he argued that the defendants refused his payments.[43]  Polinard's response indicates that he intended to file exhibits showing that the defendants refused payments,[44] but the court does not need the exhibits to

---

[39]Docket entry # 45, exh. 1.A.

[40]Docket entry # 1, exh. A-3, p. 7.

[41]*Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998).

[42]*Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 777 (Tex. App.—Corpus Christi 2003, no pet.).

[43]Docket entry # 44, ¶¶ 22 & 23.

[44]Docket entry # 44, last page of Polinard's affidavit.

consider this ground for summary judgment because Polinard's complaint does not allege the existence of a duty independent of a contract. The only allegation about negligence refers to the contract. Specifically, Polinard alleges in paragraph XV of his complaint that, "Relying on the Defendant's representations, Plaintiff has attempted to make the payments due on the subject note, but has been precluded from doing so by the negligence or intentional acts of the Defendant." This allegation relates to the loan contract because it refers to payments on the note. This allegation fails to raise a negligence claim as a matter of Texas law. Because the claim fails as a matter of law, this claim should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Recommendation

The defendants have presented summary-judgment evidence negating the breach element of Polinard's breach-of-contract claim. The defendants have proved that they provided Polinard with notice of the acceleration of the loan and notice of the foreclosure of the property. The notices complied with the deed-of-trust notice requirement and the Texas Property Code's notice requirement. Polinard has not raised a fact question about either of the notices. As a result, the defendants are entitled to summary judgment on Polinard's breach-of-contract claim. In addition, Polinard lacks standing to pursue a breach-of-contract claim based on a lack of notice to his son. To the extent that Polinard relies on a lack of notice to his son, that claim should be dismissed for lack of standing. Polinard's negligence claim should be dismissed because he has not alleged the existence of a legal duty independent of the loan contract. In the absence of such a duty, Polinard has failed to state a claim for which relief may be granted. I recommend GRANTING the defendants' motion for summary judgment (docket entry # 34), ENTERING

summary judgment in favor of the defendants on the breach-of-contract claim, DISMISSING for lack of standing any claim based on a lack of notice to Polinard's son, and DISMISSING Polinard's negligence claim for failure to state a claim.  Accepting these recommendations will dispose of all parties and all claims and permit the district court to enter a final judgment in this case.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified.[45]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the magistrate judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[46]  Additionally, failure to file timely written objections to the proposed findings,

---

[45]28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[46]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[47]

**SIGNED** on February 27, 2008.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[47]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).